ANDREWF. WHITMAM and WILLIAM R. AXFORD,
Plaintiffs in Error,

*vs.*

LORENZO G. WOOD, Defendant in Error.

ERROR TO MARQUETTE CIRCUIT COURT.

Sections 90 and 91 of chapter 98 of the Revised Statutes are not to be so construed as to exclude any defense to a promissory note signed by the firm name of the co-partnership, which is consistent with the fact of the partnership, and the formal execution of the note.

The fact that the note was given by one of the members of a co-partnership for his own private debt, may be set up as a defense, although the partnership and execution of the note be averred in the declaration, and neither be denied on oath.

Sections 90 and 91 of chapter 98 of the Revised Statutes, construed and explained.

This was an action of assumpsit, commenced by declaration in the circuit court of Marquette county, and was tried at the March term, 1856, before a jury. The suit was brought to recover the amount of a promissory note, of which the following is a copy:

"$350.                    "Oxford, Nov. 13th, 1854.
"Six months after date we promise to pay to the order of "L. G. Wood, three hundred and fifty dollars, for value "received, with use at ten per cent, paid in gold.
                    "WHITMAN & AXFORD."

The note was signed in the hand writing of Whitman: the declaration is upon the note, with the common counts; the note is copied on the back of the declaration. The defendant

Whitman let judgment go against him by default; Axford pleaded the general issue. On the trial, plaintiff's attorney offered to read the note to the jury, which was objected to by the defendant's (Axford's) attorney, for the reason that the plaintiff could not recover in his own name upon the note, as it was not payable to him but to his order. This objection was overruled by the court, and defendant excepted. The plaintiff's attorney then read the note to the jury and rested his case.

The defendant then called a witness and had him sworn, and offered to prove by him that Whitman alone executed the note; that the money for which the note was given, was loaned to Whitman for his individual use, and that the plaintiff knew it at the time he loaned it; and that defendant Axford protested to plaintiff against loaning the money to the firm. This evidence was objected to by the plaintiff, as defendant Axford had not complied with sec. 90, 91, of chap. 98, of the Revised Statutes; and the court sustained the objection, and the testimony was excluded from the jury. To this ruling of the court defendant Axford excepted, and the court then directed the jury to find a verdict for the plaintiff for the amount of the note and interest; and the jury found a verdict for the plaintiff as directed by the court. And the court rendered a judgment on the verdict, to reverse which judgment this writ of error is brought.

*Alvah Hand*, for the plaintiff in error.

1. This case is not within the meaning of chap. 98, of the Revised Statutes.

If within the meaning of the statute, the defense may still be made under the general issue.

2. The defendant Axford is not liable on this note, it having been given for Whitman's debt; which the payee knew at the time. 3 Blackford's Rep., 433; 2 Bouvier's Inst., 104; 6 Hill's Rep., 115; 1 Camp., 185; 16 Wend. Rep., 505.

*By the Court*, WHITON, C. J. The single question to be decided in this case, is, whether by the revised statutes (chap. 98, § 90, 91) the testimony offered by the defendant, Axford, was properly excluded.

The action was brought by Wood against Whitman & Axford as partners.

Whitman was defaulted, and Axford pleaded the general issue merely. There was no denial of the existence of the partnership, as it was averred in the declaration; nor was execution of the note denied by any plea which was verified by an affidavit. By force of the statute, both these facts were therefore admitted for the purposes of the trial. But the statute cannot be so construed as to exclude any defence which is consistent with their existence. But it may be contended that § 91, above referred to, goes further, and we will for that reason quote it.

It is as follows : "On actions against two or more defendants upon contracts in writing alleged to have been executed by such defendants as partners, or otherwise, proof of the joint liability of the defendants shall not be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, verified by affidavit."

By this section Axford was prevented from denying the execution of the note, and the plaintiff would have been entitled to judgment, unless some defense was interposed which was consistent with its execution. The plaintiff when he read the note in evidence to the jury, was *prima facie* entitled to to a judgment. This, we think, is the effect of the statute. But for the statute, the plaintiff would have been obliged to prove the existence of the partnership, and the making of the note.

But surely the statute could not have been intended to exclude a defense which admits both these facts and sets up other matters to defeat the action. Suppose that Axford had offered to prove that the note had been paid: We do not

Whitman et al. vs. Wood.

see but that, under the ruling of the judge, the defense must have been excluded, because the facts which he did offer to prove, were equally consistent with the existence of the partnership and the making of the note by one of the partners.

The judgment is reversed and a new trial ordered.